## STATE v. DENNIS R. DUBAK.

177 N. W. (2d) 416.

May 8, 1970—No. 41688.

---

C. *Paul Jones*, State Public Defender, and *Roberta K. Levy* and *Rosalie E. Wahl*, Assistant State Public Defenders, for appellant.

*Douglas M. Head*, Attorney General, *Robert W. Johnson*, County Attorney, and *Gerard W. Snell*, Assistant County Attorney, for respondent.

Heard before Knutson, C. J., and Rogosheske, Sheran, Peterson, and Frank T. Gallagher, JJ.

SHERAN, JUSTICE.

Appeal from a judgment of conviction of both counts of an information charging two instances of sexual intercourse with a child in violation of Minn. St. 609.295. Upon the appeal, it is contended that the judgment of conviction should be reversed because:

(1)   The defendant was deprived of due process of law by reason of (a) a police "lineup" occurring February 19, 1968, and (b) the use at trial of identification testimony by persons who were at the lineup.

(2)   The evidence is inadequate to support a finding of guilt of the crime charged.

On Saturday, February 17, 1968, at approximately 2:50 a. m., Dennis R. Dubak was arrested and jailed on account of a felony other than the ones here involved. The legality of the arrest is not disputed.

On Monday, February 19, a police "lineup" for purposes of identification was conducted. Two girls, one 15 years of age and the other 12, reportedly victimized by defendant in violation of § 609.295 on February 2, 1968, were present at the lineup. They identified defendant as one of the three perpetrators of the Feb-

ruary 2 offenses. On the basis of this identification, defendant was charged by complaint dated February 20, 1968, with having violated § 609.295. On that same day, defendant appeared for the first time before the Honorable Elmer N. Johnson, judge of the municipal court of Fridley, Minnesota. Bail was fixed and a date for preliminary hearing was set.

After a preliminary hearing conducted on February 28, 1968, defendant was bound over to the Anoka County District Court for arraignment. A plea of not guilty was interposed in the district court on March 4, 1968. On April 4, 1968, at the request of defendant, the case was tried by the Honorable Robert B. Gillespie, judge of the district court, without a jury. Defendant was found guilty of the crimes charged. Following a presentence investigation, he was sentenced and committed to the custody of the commissioner of corrections for the State of Minnesota. Counsel was afforded at all critical stages of these proceedings.

■ Defendant's constitutional rights were not offended by the lineup of February 19, 1968. The protections, including representation by counsel, required by United States v. Wade, 388 U. S. 218, 87 S. Ct. 1926, 18 L. ed. (2d) 1149, were afforded.

The detention following a proper arrest on February 17, 1968, was not necessarily illegal. State v. Madison, 281 Minn. 170, 160 N. W. (2d) 680, certiorari denied, 393 U. S. 1102, 89 S. Ct. 904, 21 L. ed. (2d) 796. In any event, no reference to the out-of-court identification was made at the time of trial. We are satisfied from reviewing the record of the proceedings before Judge Gillespie that the identification of defendant made in court by his victims was not prompted or conditioned by the February 19 lineup.

■ The evidence of defendant's guilt is more than adequate to support the trial court's finding that on February 2, 1968, defendant in violation of § 609.295(2) had sexual intercourse with a female child then 12 years of age and in violation of § 609.295 (3) had sexual intercourse with a female child then 15 years of age. He was identified by the victims, who had close proximity

to defendant for approximately 4 hours as a basis for recognition. Their testimony was corroborated by one of the accomplices who appeared as a witness for the state. Undisputed medical evidence was produced leading inescapably to the conclusion that the offenses were in fact committed.

Affirmed.