STATE v. DAVID SULLIVAN.

188 N. W. (2d) 888.

July 2, 1971—No. 41689.

*C. Paul Jones*, State Public Defender, and *Roberta K. Levy*, Assistant State Public Defender, for appellant.

*Warren Spannaus*, Attorney General, *Robert W. Johnson*, County Attorney, and *Gerard W. Snell*, Assistant County Attorney, for respondent.

Heard before Knutson, C. J., and Murphy, Otis, Kelly, and Odden, JJ.

PER CURIAM.

Defendant, having waived a jury trial, was convicted on two counts of having sexual intercourse with a child in violation of Minn. St. 609.295. He was sentenced to a term not to exceed 20 years on one count and to a concurrent term not to exceed 5 years on the other.

On appeal, defendant raises the following issues: There was a delay of 3 days between arrest and arraignment; although the public defender represented him at the lineup, his privately retained counsel was not present; the in-court identification was tainted by improper lineup procedures to which his attorney should have objected; and the trial court should have honored his request to stand aside for another judge.

We find no merit in these claims and affirm. The lineup procedures were thoroughly considered by us in connection with the appeal of a codefendant in State v. Dubak, 287 Minn. 127, 177 N. W. (2d) 416. That decision disposes of the matter.

On the day set for trial, defendant sought to disqualify the presiding judge on the ground he was prejudiced by accepting a plea of guilty from a codefendant who thereafter testified for the state. Defendant failed to comply with Minn. St. 542.16. Whatever judge presided would be aware of the codefendant's admission of guilt because he testified against appellant.

Affirmed.